**EMERALD LUMBER COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 14017.**

United States Court of Appeals
Sixth Circuit.

June 3, 1960.

Charles Ginocchio, Cincinnati, Ohio, for appellant, John A. Scanlon, Cincinnati, Ohio, on the brief.

Thomas Stueve, First Asst. U. S. Atty., Cincinnati, Ohio, and Gerald E. Jessup, Atty., Interstate Commerce Commission, Washington, D. C., for appellee, Hugh K. Martin, U. S. Atty., Cincinnati, Ohio, on the brief.

Before McALLISTER, Chief Judge, and MARTIN and O'SULLIVAN, Circuit Judges.

MARTIN, Circuit Judge.

Emerald Lumber Company was convicted by jury verdict on fifteen counts charging violation of Title 49, Section 41(1), United States Code Annotated, commonly called the "Elkins Act." The United States District Judge sentenced appellant to pay aggregated fines of $17,500 on the fifteen counts.

The Elkins Act, for the violation of which appellant was convicted, makes it "unlawful for any person, persons, or corporation to offer, grant, or give, or to solicit, accept, or receive any rebate, concession, or discrimination in respect to the transportation of any property in interstate or foreign commerce by any common carrier subject to said chapter whereby any such property shall by any device whatever be transported at a less rate than that named in the tariffs published and filed by such carrier, as is required by said chapter, or whereby any other advantage is given or discrimination is practiced." The Act provides that every person or corporation, whether carrier or shipper, who shall know-

ingly offer, grant, or give, or solicit, accept, or receive any such rebate, concession, or discrimination, shall be deemed guilty of a misdemeanor; and, upon conviction, shall be punished by fine of not less than $1,000, nor more than $20,000.

■ We find ample substantial evidence in the record to support the jury verdict. The expert testimony of which appellant complains was properly received in evidence. Rudin v. United States, 6 Cir., 254 F.2d 45, 50; Detroit T. & I. R. Co. v. Banning, 6 Cir., 173 F.2d 752, 756 (C.A. 6). There was no reversible error in the court's admitting or receiving evidence. The court correctly charged the applicable law and committed no reversible error in declining appellant's special requests which were declined.

■ The law of this case was settled in this circuit twenty years ago in Boone v. United States, 6 Cir., 109 F.2d 560 in which the facts were not substantially dissimilar to those found here. The Boone case was tried in the district court by one of the judges now sitting on this appeal. On review, the United States Court of Appeals, in an opinion by Judge Hamilton with Judges Hicks and Simons concurring, stated that the Elkins Act had been passed to eliminate every form of inequality in the use of interstate commerce as an instrument of business; and had, therefore, made it unlawful for anyone to receive any concession in respect of transportation by common carrier of any property in interstate commerce whereby inequality resulted. The court said [at page 563] : "It is not practical to require that identity of each carload of grain be preserved but to the end that loose and fraudulent practices, the use of unlawful rates, unjust discrimination, undue prejudice and substantial revenue losses to the carrier may be prevented, it is unlawful to substitute or forward under the transit rate any commodity that does not move into the transit point at such rate."

The judgment of conviction and sentence is affirmed.